## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 1:23-CR-00247 (JMC)** |
| | ) | |
| **KARTHIK RAMAKRISHNAN** | ) | **40 U.S.C. § 5104(e)(2)(G)** |
| **Defendant.** | ) | |
| | ) | |

## DEFENDANT'S SENTENCING MEMORANDUM

COMES NOW, Dr. Karthik Ramakrishnan, Defendant in the above captioned case, by and through undersigned Counsel, and respectfully submits this sentencing memorandum for this Honorable Court's consideration.

On September 7, 2023, Dr. Ramakrishnan appeared before this Court and entered a plea of Guilty to a single count of Parading, Demonstrating, or Picketing in a Capitol Building in violation of 40 U.S.C. § 5104(e)(2)(G). In pleading guilty to this charge, Dr. Ramakrishnan acknowledges and understands that he *may* be sentenced to the maximum statutory punishment of six months' imprisonment, a term of probation not more than five years, a fine of not more than $5,000, a $10 special assessment, and restitution as determined by this Court. By his plea agreement, Dr. Ramakrishnan agrees to pay restitution to the Architect of the United States Capitol in the amount of $500.

Upon consideration of the unique facts and circumstances relevant to Dr. Ramakrishnan's conduct in the charged offense, his acceptance of responsibility and genuine contrition for his conduct, his lack of any significant criminal history, and those factors outlined in 18 U.S.C. §

3553(a), Dr. Ramakrishnan respectfully requests this Court exercise its discretion in sentencing Dr. Ramakrishnan to a term of probation of six (6) months and a fine as deemed appropriate by the Court. Dr. Ramakrishnan submits that such a sentence is sufficient, but not greater than necessary to achieve the sentencing purposes outlined in 18 U.S.C. § 3553(a)(2). To the extent this Court imposes any term of incarceration, Dr. Ramakrishnan requests this Court credit him with one (1) day of confinement credit for time spent in custody upon his arrest on June 15, 2023.

### I.   Acceptance of Responsibility and Demonstration of Contrition.

Dr. Ramakrishnan wishes for this Court to know that he unequivocally and genuinely acknowledges the wrongfulness of his conduct when he entered the United States Capitol without authorization and paraded in demonstration on January 6, 2021. He is pleading guilty to the charged offense not only because he feels it is in his best interest to do so, but because he acknowledges that he is in fact guilty of the charged offense. With clear eyes, Dr. Ramakrishnan reflects on his conduct with great remorse and regret. Dr. Ramakrishnan regrets that on January 6, 2021, he submitted to the extraordinary influence of the passionate protesting that surrounded him, and followed the masses in entering the Capitol grounds. Dr. Ramakrishnan is particularly remorseful because Dr. Ramakrishnan *is* a principled, law-abiding citizen and his conduct on January 6, 2021, was inconsistent with his character and being.

### II.   Accuracy of the Presentencing Report Prepared by the United States Probation Officer.

Pursuant to 18 U.S.C. § 3552 and Rule 32(c) of the Federal Rules of Criminal Procedure, the United States Probation Office conducted a presentence investigation in this case. Consistent with his continued acceptance of responsibility and cooperation with the Government,

Dr. Ramakrishnan willingly and openly answered all questions posed to him by the Probation

Officer. Dr. Ramakrishnan was afforded the opportunity to review Probation's preliminary

presentencing report (ECF No. 22) and had no objections to the report. As noted in the

presentence report (ECF No. 25, at paragraph 29) Dr. Ramakrishnan has, at all times, cooperated

with the presentence investigation process and incurred no violations of his pretrial supervision.

Dr. Ramakrishnan agrees that the presentence report is a fair and accurate accounting of the facts

and circumstances of the charged offense. This memorandum provides additional information

beyond that contained within the presentence report for this Court's consideration.

### III.     Applicability of 18 U.S.C. § 3553(a) Factors.

18 U.S.C. § 3553 provides the statutory framework for this Court's imposition of

sentence. Pursuant to § 3553(a), this Court should impose a sentence sufficient, but *not greater*

*than necessary* to achieve the following sentencing purposes -

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence of further criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2), emphasis added.

In considering an appropriate sentence in Dr. Ramakrishnan's case, this Court must

consider (1) the nature and circumstances of the offense and the history and characteristics of the

defendant; (2) the need for the sentence imposed to achieve the sentencing purposes outlined

above; (3) the kinds of sentences available; (4) any applicable guideline ranges; (5) any pertinent policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

18  U.S.C. § 3553(a)(1-7).

Upon consideration of the § 3553(a) factors, this Court should find that a probationary sentence is sufficient, but *not greater than necessary* to achieve the sentencing purposes detailed above.

**(1) The nature and circumstances of the offense and the history and characteristics of the defendant.**

a. **Nature and Circumstances of the Offense**

Like many Americans, Dr. Ramakrishnan was a passionate and ardent supporter of President Donald Trump leading up to the 2020 election, one of the most hotly contested elections in modern history.  In the days and weeks following the election, Dr. Ramakrishnan found himself increasingly disillusioned by perceived election irregularities that challenged the legitimacy of the election results.  At that time, various accounts of election fraud and voting irregularities were widely reported.  On January 5, 2021, Dr. Ramakrishnan traveled to Washington D.C. to exercise his Constitutional right to demonstrate in what he fully expected would be a *peaceful* protest of election irregularities.

While this Court and the American people now have the benefit of over three years' reflection, including details released from various criminal and Select-Committee investigations, it is important for the Court to consider that at *the time of the offense*, Dr. Ramakrishnan genuinely questioned the legitimacy of the Presidential election and felt a civic duty to

demonstrate in support of his concerns.  Dr. Ramakrishnan did *not* travel to Washington D.C. on January 5, 2021 with the intent to trespass on any federal property or to engage in any criminal conduct whatsoever.  At no time has Dr. Ramakrishnan ever been associated with extremist organizations such as the Proud Boys or Oath Keepers, and he had not engaged in any advanced planning or coordination with any associated organizations.  Instead, Dr. Ramakrishnan appreciated the historic nature of the contested election and wanted to be a part of what he expected to be a political rally at Freedom Plaza in Washington D.C.

While the Government rightly emphasizes the historic nature of the January 6th demonstrations that led up to the horrific events that unfolded at the United States Capitol on January 6, 2021, this Court should focus its examination on Dr. Ramakrishnan's *individual* actions *individual* intent, and *individual* characteristics in determining an appropriate sentence in his case.  Unlike many protesters who traveled to Washington D.C. dressed, equipped, and prepared to engage in riotous conduct, Dr. Ramakrishnan did *not* travel to Washington D.C. with the intent of inciting unrest or insurrection.  While acknowledging his wrongdoing for trespassing on the Capitol grounds, Dr. Ramakrishnan was – at all times leading up to and while present in the U.S. Capitol – a peaceful, non-violent demonstrator.  He engaged in no physical violence, no destructive conduct, and at times intervened between unruly protesters and law enforcement officers encouraging peace and non-violence.

Indeed, Dr. Ramakrishnan is *distinguishable* from the many protesters who traveled to Washington D.C. *intent* on inciting violence and insurrection. Unlike those who engaged in pre-meditated criminal planning, Dr. Ramakrishnan carried no weapons, tear gas, or other instrumentalities of destruction.  Dr. Ramakrishnan did not wear a helmet, Kevlar vest, goggles, gas mask, or any other equipment indicative of an intent to engage in riotous conduct.  Rather,

dressed in otherwise casual attire, Dr. Ramakrishnan attended the initial rally wearing a winter coat, a winter hat, gloves, and a medical face-covering. Dr. Ramakrishna carried a small bongo-style drum as a simple noise maker. Like so many other protesters present at Freedom Plaza, Dr. Ramakrishnan found himself swept up in the movement that brought him to the Capitol grounds. Overcome by the passion of the protest, Dr. Ramakrishnan joined the masses and entered the U.S. Capitol, walking its halls and corridors for just over 20 minutes. Upon his entry into the U.S. Capitol, Dr. Ramkrishnan removed his outerwear and face covering and continued to carry the bongo. He engaged in no violence. He engaged in no destructive behavior. While accepting responsibility for his own conduct on January 6, 2021, Dr. Ramakrishnan wholly condemns the violent and destructive behavior of other demonstrators.

### b.  Characteristics of the Defendant

Dr. Ramakrishnan is a loving and devoted husband to his wife, Angelica. Originally from Bogota, Columbia, Angelica is an equally loving and devoted wife and mother to the couple's three children. At present time, Angelica does not possess a driver's license and is largely dependent on Dr. Ramakrishnan for transportation for her children and her. Dr. Ramakrishnan and his wife have three beautiful, healthy boys. Matthew (age 6) enjoys school, karate, and reading with his brother. Frederick (age 4) loves cars and enjoys playing video games. At just 9 months old, Max is the youngest addition to the family and is just cutting his first teeth. There is nothing more important to Dr. Ramakrishnan than his role and responsibilities as a father and husband.



(Pictured, from left to right: Dr. Karthik Ramakrishnan, Matthew (6), Angelica,
Max (9 months), and Frederick (4))

      Dr. Ramakrishnan is also a loving son and brother.  Blessed by supportive parents, Dr.
Ramakrishnan and his brothers enjoyed a stable childhood and remain closely knit to this day.
Dr. Ramakrishnan is a licensed physician, currently operating an internal medicine clinic in an
underserved community of Bluefield, Virginia.  He is a well-respected member of his
community.  As Dr. Ramakrishnan's presentence report indicates, Dr. Ramakrishnan has no
significant criminal history, no history of violence and no past history of unlawful activity that
would suggest he poses a threat to his community or a risk of future criminal conduct.

      Dr. Ramakrishnan is a man of honor and integrity.  Not only is he disappointed in himself
for his conduct in January, 2021, but he is disappointed and ashamed of the dishonor it brought
upon his family's name.  Committed to owning his own conduct, Dr. Ramakrishnan immediately
cooperated with the Federal Bureau of Investigation in admitting to his conduct and answering
questions related to his presence at the U.S. Capitol.  Unlike so many other January 6th

defendants, Dr. Ramakrishnan did not seek to deceive or distort the facts. He has consistently accepted responsibility for his conduct and sought to cooperate with the Government in every way.

**(2) The need for the sentence imposed to achieve the sentencing purposes outlined above**.

Although not a sentence of the Court, Dr. Ramakrishnan has already paid a significant price for his conduct. Not surprisingly, Dr. Ramakrishnan's case was widely reported in local and regional news media, resulting in shame, dishonor, and embarrassment for Dr. Ramakrishnan and his family. And while these foreseeable *consequences of his actions* are not a sentence of this Court, they still serve as a constant reflection of the seriousness of his offense and an enduring deterrent for any further criminal conduct.

Dr. Ramakrishnan does not require additional deterrence. He *will not* engage in future criminal conduct. He has learned a significant life lesson through this extraordinary experience and wishes only to devote his life to his family, community, and profession. Dr. Ramakrishnan is also *not* a violent offender and does not pose a risk to the community. There is no need for this Court to impose a sentence of incarceration in order to protect the public from further crimes. Dr. Ramakrishnan does not require a sentence that provides him with an opportunity for education or vocational training in a correctional environment. A probationary sentence with standard conditions is the appropriate sentence in this case.

**(3) The kinds of sentences available.**

This Court has great discretion in fashioning an appropriate sentence in this case. The maximum statutory punishment for the charge of conviction is six (6) months' imprisonment (40 U.S.C. § 5109(b)), a term of probation not to exceed five (5) years (18 U.S.C. § 3561(c)), a fine

of not more than $5,000 (18 U.S.C. § 3571(b)(6)), a $10 special assessment (18 U.S.C.

§3013(a)(1)(A)(ii), and restitution as determined by this Court. The United States Sentencing

Commission Guidelines Manual also permits this Court to impose certain "special conditions"

should the Court determine traditional probation is insufficient. §5B1.3. Although the Defense

submits that a term of standard probation *is* the appropriate sentence in this case, Dr.

Ramakrishnan asks that should this Court impose a term of incarceration, he be permitted to be

serve that term in a home detention capacity. *See* § 5F1.2, United States Sentencing Commission

Guidelines Manual (2021). Doing so would allow Dr. Ramakrishnan to continue to assist his

wife in raising their three young boys.

**(4) Applicable guideline ranges.**

There are no applicable guideline ranges in this case. Because the charge of conviction is

a Class B Misdemeanor as defined by 18 U.S.C. § 3559(a)(7), the United States Sentencing

Commission's sentencing guidelines do not apply in this case. *See* § 1B1.9, United States

Sentencing Commission Guidelines Manual (2021). As such, this Court may impose any

sentence authorized by statute. § 1B1.9, Application Note 1.

**(5) Any pertinent policy statements issued by the Sentencing Commission.**

There are no pertinent policy statements issued by the Sentencing Commission relevant

to the charge of conviction in this case.

**(6) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.**

This Court is well familiar with the numerous cases prosecuted in the aftermath of the

January 6, 2021 Capitol riot. And while every case is marred by the historic nature of the event

and the significance of the challenge to our democracy we saw on January 6, 2021, *each* case is distinguishable by the characteristics of each defendant and the nature and circumstances of their conduct. Dr. Ramakrishnan's case is markedly different than other cases that have come before this Court and others, where defendants have received terms of incarceration and/or lengthy terms of probation. Under the unique circumstances of this case, a sentence of six (6) months' probation is more than sufficient.

**(7) The need to provide restitution to any victims of the offense.**

By his plea of guilty, Dr. Ramakrishnan acknowledges the significant damage to the United States Capitol and responding law enforcement agencies caused by so many destructive protesters. Although Dr. Ramakrishnan was at all times peacefully demonstrating, and did not personally engage in any destruction of property, he has agreed to pay restitution in the amount of $500 to the Architect of the United States Capitol.

**Conclusion**

Dr. Ramakrishnan will appear before this Court on December 14, 2023 to be sentenced for his conduct committed on January 6, 2021. Dr. Ramakrishnan is remorseful for his conduct and is prepared to accept this Court's sentence – whatever it may be. With the benefit of hindsight and considerable reflection, Dr. Ramakrishnan acknowledges that by his conduct, he played a role in what history will judge as an extraordinary challenge to our beloved democracy. Though it was not his intent to engage in a riotous demonstration, he acknowledges his wrongdoing in parading through the United States Capitol. Dr. Ramakrishnan respectfully requests this Court sentence him to a term of probation and a fine as deemed appropriate by this Court. Upon consideration of the nature and circumstances of the offense and Dr.

Ramakrishnan's character and personal conduct, a term of probation of six (6) months is sufficient, but not greater than necessary, to promote respect for the law, provide just punishment for the offense, afford adequate deterrence to further criminal conduct, and to protect the public.

Respectfully submitted,

KARTHIK RAMAKRISHNAN

Matthew P. Chapman
Counsel for Defendant
Washington D.C. Bar No. 1780635
The Law Office of M.P. Chapman, PLLC
1629 K Street N.W. Ste 300
Washington, D.C. 2006
Telephone: 276-492-0671
Email:mpchapmanlawoffice@gmail.com

Daniel J Murphy (*pro hac vice*)
Counsel for Defendant
VSB No. 98478
Penn, Stuart & Eskridge, PLLC
208 E. Main Street
Abingdon, Virginia 24210
Telephone: 276-628-5151
Email: dmurphy@pennstuart.com

## CERTIFICATE OF SERVICE

Undersigned Counsel hereby certifies that this sentencing memorandum was served on all parties of record via this Court's electronic filing system on November 30, 2023.

Daniel J. Murphy (*pro hac vice*)
Counsel for Defendant
VSB No. 98478
Penn, Stuart & Eskridge, PLLC
208 E. Main Street
Abingdon, Virginia 24210
Telephone: 276-628-5151
Email: dmurphy@pennstuart.com